UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 16, 2019

LETTER TO COUNSEL

      RE:    *Beau S. v. Commissioner, Social Security Administration*;
             Civil No. SAG-18-2083

Dear Counsel:

      On July 9, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 17, 18, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed his claim for benefits on August 3, 2015, originally alleging an onset date of June 27, 2014.[1] Tr. 178-79. His claim was denied initially and on reconsideration. Tr. 95-98, 100-01. A hearing was held on June 12, 2017, before an Administrative Law Judge ("ALJ"). Tr. 20-40. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 75-89. The Appeals Council declined review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "history of supraventricular tachycardia status-post two ablations, cervical disc bulge, lumbar facet disorder, anxiety disorder and bipolar disorder." Tr. 78. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) with additional limitations. The claimant is able to lift up to 20 pounds at a time and frequently lift or carry objects weighing up to 10 pounds. In an eight-hour workday, the claimant can sit for six hours and stand/walk for two hours each. He requires a cane for prolonged ambulation or uneven terrain. He can push/pull the same amount as he can lift and carry. The claimant can occasionally climb ramps

---

[1] Plaintiff amended his onset date to September 8, 2014 at the hearing. Tr. 22-23.

> and stairs and he can never climb ladders, ropes or scaffolds. He can occasionally stoop, kneel, crouch and crawl. The claimant can frequently handle and finger. The claimant is limited to performing simple tasks and he can respond appropriately and interact with supervisors, coworkers and the public on an occasional basis. He is able to adapt to routine workplace changes.

Tr. 80. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work, but could perform one job existing in significant numbers in the national economy: that of document preparer (Dictionary of Occupational Titles number 249.587-018). Tr. 87-88. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 88-89.

Plaintiff makes two primary arguments on appeal: (1) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ's step five finding was not supported by substantial evidence. I agree that the opinion did not comport with *Mascio*, and I therefore remand the case for further analysis.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to

function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Plaintiff had moderate difficulties maintaining concentration, persistence, or pace. Tr. 79. The ALJ's analysis stated:

> The claimant reported having difficulty concentrating generally. However, he also reported that if he is interested in what he is doing, he can pay attention for one to three hours at a time. The claimant also reported that he can watch television, read, manage his finances and prepare simple food. Overall, there is no evidence of greater than moderate limitations in this area.

Tr. 79 (internal citations omitted). That analysis contains no discussion of Plaintiff's ability to sustain work at a competitive pace over a typical workday, other than Plaintiff's own report about his difficulties with concentration. The daily tasks cited by the ALJ are not typically tasks that are sustained over eight-hour, or even two-hour, periods, and there is no description of what tasks do or do not "interest" Plaintiff, for the purpose of allowing him to maintain attention for an extended period.

In addition, in the RFC analysis, the ALJ cited to a number of medical records corroborating some impairment in Plaintiff's concentration or pace. *See, e.g.*, Tr. 84 (noting a mental status examination showing "decreased concentration and impaired memory"); Tr. 85 (mental status examination revealing slow psychomotor speed); *Id.* (psychological evaluation revealing moderate limitations in "following one and two step instructions" and "moderate limitations in the ability to concentrate, persist and maintain pace"). The limitation to "simple tasks" in the RFC assessment addresses the concern in one medical opinion, from the non-examining State agency physician, suggesting that Plaintiff's symptoms "may occasionally reduce productivity for detailed tasks." Tr. 86. However, the limitation to simple tasks would not address

any of the other medical findings cited above, which do not distinguish between simple and more detailed work.

Moreover, the restriction to "simple tasks" in this case is directly analogous to, and even less specific than, the limitations deemed insufficient in *Mascio*. *Mascio*, 780 F.3d at 638 (quoting *Winschel,* 631 F.3d at 1180) (finding "simple, routine tasks or unskilled work" to be insufficient to address a claimant's moderate limitations in concentration, persistence, or pace). In the absence of any additional limitation to accommodate Plaintiff's moderate difficulties maintaining concentration, persistence, or pace, *Mascio* requires that the ALJ explain why no such limitation is required. *Mascio*, 780 F.3d at 638. The ALJ has not provided such an explanation here. Remand is therefore warranted, although I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff was not entitled to benefits is correct.

Although not an independent basis for remand, because the case is being remanded on other grounds, I note that the ALJ's step five conclusion may not be supported by substantial evidence. After being presented with the RFC assessment, the VE testified that the hypothetical individual could perform four different sedentary jobs, including document preparer, toy stuffer, table worker, and cutter and paster of pressed clippings. Tr. 35-36. Without explanation, in the opinion, the ALJ only found Plaintiff capable of performing one of those jobs, specifically that of document preparer. Tr. 88. At the hearing, the ALJ appeared to be concerned that the other representative positions had fewer positions available nationally. Tr. 36 ("Regarding the toy stuffer and the table worker, do you have any additional positions that are in greater numbers? . . . I don't need the other ones if they're lower than the toy stuffer and table worker."). However, the relatively small number of positions would not render those representative jobs meaningless, because the Fourth Circuit has allowed very small numbers to fulfill the requirement of "significant numbers in the national economy." *See Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number); *Hodges v. Apfel*, No. 99-2265, 2000 WL 121251, at *1 (4th Cir. Jan. 28, 2000) (unpublished) (finding 153 jobs to be a significant number); *see also Lawler v. Astrue*, Civil Action No. BPG-09–1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011) (finding that the fact that there were only 75–100 jobs in the region where plaintiff lives "does not undermine the ALJ's conclusion that plaintiff is capable of performing work that exists in significant numbers in the national economy.").

In past cases, this Court has expressed skepticism about the viability of the single position the ALJ identified in Plaintiff's case. The VE's testimony relied upon the Dictionary of Occupational Titles ("DOT"), a document published by the United States Department of Labor and last updated in 1991. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991). In the DOT, the position cited by the VE and the ALJ is described as follows:

> 249.587–018 DOCUMENT PREPARER, MICROFILMING (business ser.)
>
> Prepares documents, such as brochures, pamphlets, and catalogs, for microfilming, using paper cutter, photocopying machine, rubber stamps, and other work devices: Cuts documents into individual pages of standard

> microfilming size and format when allowed by margin space, using paper cutter or razor knife. Reproduces document pages as necessary to improve clarity or to reduce one or more pages into single page of standard microfilming size, using photocopying machine. Stamps standard symbols on pages or inserts instruction cards between pages of material to notify MICROFILM–CAMERA OPERATOR (business ser.) 976.682–022 of special handling, such as manual repositioning, during microfilming. Prepares cover sheet and document folder for material and index card for company files indicating information, such as firm name and address, product category, and index code, to identify material. Inserts material to be filmed in document folder and files folder for processing according to index code and filming priority schedule.

*Id.* § 249.587-018.

The United States Court of Appeals for the Sixth Circuit considered similar VE testimony (including citation to the same document preparer position) in *Cunningham v. Astrue*, 360 F. App'x 606, 615 (6th Cir. 2010) (unpublished). The Sixth Circuit opined:

> The VE based his testimony on job descriptions contained in the Dictionary of Occupational Titles ("DOT"), a document published by the Department of Labor that was more than a decade old when the ALJ heard Cunningham's claim. While the Social Security Commissioner does take administrative notice of this document when determining if jobs exist in the national economy, 20 C.F.R. § 404.1566(d)(1), common sense dictates that when such descriptions appear obsolete, a more recent source of information should be consulted . . . In light of the fact that more current job descriptions were available at the time of the hearing before the ALJ—the Department of Labor replaced the DOT with the Occupational Information Network (O*NET), a database that is continually updated based on data collection efforts that began in 2001—and that the two descriptions relied on by the VE are not found in O*NET, we conclude that the VE's dependence on the DOT listings alone does not warrant a presumption of reliability.

*Id.* at 615–16. The rationale in *Cunningham* is compelling, and it appears the ALJ's reliance on the VE testimony that the document preparer position exists in significant numbers in the national economy is not, on the current record consisting exclusively of the VE's reliance on a twenty-eight-year-old document, supported by substantial evidence.[2] Because the case is being remanded on other grounds, if reaching the same conclusions, the ALJ should incorporate positions other than document preparer, in order to support his step five determination with substantial evidence.

---

[2] This letter opinion, and citation to *Cunningham*, should not be read to suggest that exclusive reliance on O*NET would be desirable or even feasible, given the particular requirements of the SSA's disability decision process. Instead, where a VE is citing a job that likely has been rendered nearly or entirely obsolete by advances in technology since 1991, reference to O*NET to determine whether or not the position continues to exist might provide additional evidentiary support for an ALJ's conclusions.

*Beau S. v. Commissioner, Social Security Administration*
Civil No. SAG-18-2083
July 16, 2019
Page 6

      For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 17, is DENIED and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

                                   Sincerely yours,

                                   /s/

                               Stephanie A. Gallagher
                               United States Magistrate Judge